SUPREME JUDICIAL COURT 
 
 COMMONWEALTH vs. VICTOR MANUEL MERCEDES

 
 Docket:
 SJC-13656
 
 
 Dates:
 March 5, 2025 - June 10, 2025
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.
 
 
 County:
 Essex
 

 
 Keywords:
 Controlled Substances. Search and Seizure, Warrant, Affidavit, Probable cause. Practice, Criminal, Warrant, Motion to suppress. Probable Cause. Constitutional Law, Search and seizure, Probable cause.
 
 

             Indictment found and returned in the Superior Court Department on April 25, 2022.
            A pretrial motion to suppress was heard by C. William Barrett, J.
            Applications for leave to prosecute an interlocutory appeal were allowed by Georges, J., in the Supreme Judicial Court for the county of Suffolk, and the appeals were consolidated and reported by him.
            Kathryn L. Janssen, Assistant District Attorney, for the Commonwealth.
            Eduardo Masferrer (Danya Fullerton also present) for the defendant.
            GAZIANO, J.  This interlocutory appeal involves the execution of an anticipatory search warrant, which led to the seizure of cocaine and United States currency from the apartment of the defendant, Victor Manuel Mercedes.  It is undisputed that the future triggering event set forth in the warrant affidavit, as a condition precedent to the search, did not occur.  The issue before the court is whether the police were permitted nonetheless to search the defendant's apartment on the ground that other information in the warrant affidavit independently established probable cause to search.  Relying on a footnote in Commonwealth v. Colondres, 471 Mass. 192, 200 n.11, cert. denied, 577 U.S. 934 (2015), which raised the possibility of such a search, the Commonwealth appeals from the allowance of the defendant's motion to suppress the fruits of an illegal search.  The defendant's argument is straightforward:  absent the occurrence of the triggering event or its equivalent, the anticipatory warrant was void, and the police therefore conducted an illegal warrantless search of his apartment.  We hold that art. 14 of the Massachusetts Declaration of Rights prohibits the police from executing an anticipatory search warrant absent compliance or equivalent compliance with the future triggering event, regardless of whether the factual allegations in the warrant affidavit independently give rise to probable cause to search.  Accordingly, we affirm the allowance of the motion to suppress.  
            Facts.  The search of the defendant's apartment in Salem arose out of an investigation conducted by local and State law enforcement agencies in conjunction with inspectors from the United States Postal Service (USPS).  As detailed in a thirty-page affidavit submitted by Detective Ross Panacopoulos of the Lynn police department's drug task force, the law enforcement agencies were investigating a drug trafficking organization suspected of utilizing USPS express and priority mail to transport large quantities of narcotics from Puerto Rico to the Lynn area.  The affiant identified twenty-one suspicious packages shipped from Puerto Rico to Lynn and surrounding areas from October 2021 to March 2022.  Between January 18, 2022, and March 3, 2022, the defendant, on six separate occasions, drove to a drop off site in a white Jeep Cherokee registered in his name, picked up a recently mailed package or took possession of the package from an associate, and transported the package to his apartment.  
            The twenty-second, and final, suspected narcotics shipment detailed in the affidavit followed the same pattern as prior deliveries.  On March 4, 2022, a postal inspector informed Panacopoulos that a person, utilizing an alias, had shipped a suspicious package from Puerto Rico to a three-family house in Lynn (Lynn three-family), a frequently used drop-off designation.  The package was sent to a person who did not reside at that location and most likely was fictitious.  On March 7, a postal inspector intercepted package no. 22 at a Lynn post office prior to its delivery.  A trained canine alerted to the package indicating the presence of narcotics.  The package remained with a postal inspector awaiting delivery the next day. 
            On March 8, 2022, Panacopoulos applied for anticipatory search warrants seeking permission to search the defendant's Salem apartment, his Jeep Cherokee, and the Lynn three-family for narcotics and other evidence of drug trafficking.  The warrant affidavit described the triggering event for the anticipatory warrants as follows:  
"The triggering event for the execution of these search warrants will be the retrieval of package [no.] 22 from [the Lynn three-family] by [the defendant] or any cohort.  Upon retrieving package [no.] 22, a search of [the defendant] or any cohort and/or any packages in their possession will be conducted.  Upon finding [the defendant] or any cohort in possession of narcotics, the Search Warrants of the vehicle and other locations will be executed."  
The clerk-magistrate of the Lynn Division of the District Court issued anticipatory search warrants allowing police to search the requested locations on the occurrence of the triggering event.  
            Later that day, at around 11 A.M., police officers surveilling the Lynn three-family observed a letter carrier deliver package no. 22 by setting down the package on the front porch between two entrance doors to the dwelling.  Despite their surveillance, the investigators did not observe anyone retrieve the package or leave the house.  The surveillance team "just looked up, and the package was no longer on the front porch."  Then, officers breached the door, searched one of the apartments, and found package no. 22 in the kitchen, along with other boxes containing kilograms of cocaine.  Thereafter, at 11:30 A.M., officers searched the defendant's apartment and found over two kilograms of cocaine and a large sum of United States currency.
            Procedural history.  On April 25, 2022, a grand jury returned indictments charging the defendant and two others with trafficking in 200 grams or more in cocaine, in violation of G. L. c. 94C, § 32E (b).  On August 4, 2023, a codefendant, Eduin Batista, filed a motion to suppress evidence seized from the Lynn three-family on the ground that the triggering event in the anticipatory warrant to search that location never occurred.  The defendant, along with another codefendant, joined Batista's motion.  Following an evidentiary hearing, a Superior Court judge allowed the motion to suppress and issued a memorandum of decision and order on April 17, 2024.
            Prior to the April 2024 suppression order, the defendant moved, on March 26, 2024, to suppress evidence seized from his apartment pursuant to the same anticipatory search warrant.  On May 20, 2024, the Commonwealth filed an opposition, arguing that the search was authorized by Colondres, 471 Mass. at 200 n.11.  After a nonevidentiary hearing, the motion judge, on July 12, 2024, issued a memorandum of decision and order allowing the defendant's motion to suppress because the warrant was applied for and issued as an anticipatory warrant and the triggering event, which was a condition precedent to the execution of the warrant, never occurred.  
            The Commonwealth filed a timely notice of appeal and an application pursuant to Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017), for leave to pursue an interlocutory appeal from the July 2024 allowance of the defendant's motion to suppress.  On September 10, 2024, a single justice allowed the Commonwealth's application and reported the appeal to the full court.[1] 
            Discussion.  On appeal from a ruling on a motion to suppress, we review independently the motion judge's application of constitutional principles.  Commonwealth v. Johnson, 481 Mass. 710, 714, cert. denied, 140 S. Ct. 247 (2019).  "As with all other search warrants, our inquiry is whether the [anticipatory] warrant meets the requirements of the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights."  Commonwealth v. Staines, 441 Mass. 521, 525 (2004).  
            In 1981, this court determined that there is "no constitutional impediment" to the use of an anticipatory search warrant.  Commonwealth v. Soares, 384 Mass. 149, 153 (1981).  See United States v. Grubbs, 547 U.S. 90, 94-95 (2006) (no categorical Fourth Amendment prohibition against anticipatory warrants).  An anticipatory search warrant is "based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specific place."  2 W.R. LaFave, Search and Seizure § 3.7(c), at 485 (6th ed. 2020).  See Staines, 441 Mass. at 525 (anticipatory warrant takes effect at specific future time, not on its issuance); Commonwealth v. Cruz, 430 Mass. 838, 844 n.3 (2000) (defining anticipatory warrant as "warrant that has been issued before the necessary events have occurred which will allow a constitutional search of the premises" [citation omitted]).  
            The execution of an anticipatory warrant is subject to the occurrence of a specific future triggering event because "only then will the judge's or clerk-magistrate's probable cause determination . . . have reached fruition" (quotation, citation, and alteration omitted).  Colondres, 471 Mass. at 197.  The occurrence of the triggering event must be "specified in the affidavit" and "clearly and narrowly defined" (citation omitted).  Id.  See United States v. Ricciardelli, 998 F.2d 8, 12 (1st Cir. 1993) ("magistrate must ensure that the triggering event is both ascertainable and preordained").  This requirement serves three purposes.  First, a magistrate is required to assess the triggering event to determine whether the warrant affidavit establishes "probable cause to believe that the evidence particularized in the warrant will be found when the search is conducted, not when the search is authorized" (quotation and citation omitted).  Colondres, supra.  See Staines, 441 Mass. at 528 (once triggering event occurred -- undercover officer arranged for another purchase of cocaine -- probable cause existed to search defendant's vehicle).  Second, a clear and narrowly defined triggering event permits a reviewing court to determine whether the condition precedent for the search did, in fact, occur.  See Colondres, supra.  Third, "only if the triggering event is clearly and narrowly defined are opportunities for [police] exercising unfettered discretion eliminated" (quotation, citation, and alteration omitted).  Commonwealth v. Gauthier, 425 Mass. 37, 43-44 (1997).  See United States v. Rowland, 145 F.3d 1194, 1202 (10th Cir. 1998) (triggering event maintains judicial control over circumstances of warrant's execution).  
            Here, it is undisputed that the triggering event or its equivalent did not occur.  This case therefore concerns the authority of police to nonetheless execute the warrant.  The judge determined that absent the occurrence of the triggering event, the anticipatory search warrant was void.  See Cruz, 430 Mass. at 844 n.3 (anticipatory warrant void if triggering events do not transpire).  See also United States v. Vesikuru, 314 F.3d 1116, 1123 (9th Cir. 2002); Rowland, 145 F.3d at 1201; United States v. Garcia, 882 F.2d 699, 702 (2d Cir.), cert. denied sub nom. Grant v. United States, 493 U.S. 943 (1989).  Thus, he concluded, suppression was required.  
            Relying on Colondres, 471 Mass. at 200 n.11, the Commonwealth argues that the nonoccurrence of a triggering event is not fatal to a search pursuant to an anticipatory warrant so long as other information in the warrant affidavit establishes probable cause to search the target location.  The issue before the court in Colondres was whether the police may execute an anticipatory warrant absent "strict compliance" with the triggering event.  Id. at 197.  Answering that question, we held that the execution of a search is authorized by an anticipatory search warrant once there is either compliance or "equivalent compliance" with the triggering event specified in the affidavit.  Id. at 198.  
            The court went on to note: 
"Because we conclude that there was equivalent compliance with the triggering conditions in this case, we need not consider whether a search is authorized by an anticipatory warrant . . . where the information in the affidavit provide[s] probable cause at the time the search warrant was approved regardless of whether there was compliance with the triggering conditions."  
Id. at 200 n.11.  See Gauthier, 425 Mass. at 38 n.1 (declining to decide "whether an anticipatory warrant may be executed in the absence of the triggering event if on its face no triggering event was necessary to establish probable cause").  See also United States v. Perkins, 887 F.3d 272, 277 (6th Cir. 2018) (raising possibility that search was reasonable under Fourth Amendment even though government did not comply with triggering event where warrant was executed in circumstances "which may well have constituted probable cause"); United States v. Vigneau, 187 F.3d 70, 80 (1st Cir. 1999), cert. denied, 528 U.S. 1172 (2000) (noting that whether delivery of package, as triggering event, occurred was "beside the point" because probable cause existed to search premises without delivery of package). 
            This case squarely raises the issue whether the police are permitted to execute an anticipatory search warrant based on other information in the warrant affidavit independent of the triggering event establishing probable cause to search.  We conclude that, under art. 14, an anticipatory warrant is void and may not be executed where there has been neither strict nor equivalent compliance with the triggering event.  As stated above, one of the purposes of a "clearly and narrowly" defined triggering event is to prevent police who are authorized by the magistrate to search based on facts observed on-site from exercising unfettered discretion to enter private property and search as they please.  Gauthier, 425 Mass. at 42-44.  To that end, "[t]he warrant should restrict the officers' discretion in detecting the occurrence of the [triggering] event to almost ministerial proportions, similar to a search party's discretion in locating the place to be searched."  Ricciardelli, 998 F.2d at 12.  See Colondres, 471 Mass. at 200 (under equivalent compliance standard, police are still "very much fettered" by terms of triggering event).  It is the role of the judge or clerk-magistrate to set conditions governing the execution of an anticipatory search warrant that are clear and narrowly defined "so as to avoid misunderstanding or manipulation by government agents" (citation omitted).  Gauthier, supra at 44.  Indeed, a judicial officer's control over the decision to effectuate a search, rather than ceding that authority to law enforcement, is a fundamental component of a constitutionally reasonable search or seizure guaranteed by art. 14.  Jenkins v. Chief Justice of the Dist. Court Dep't, 416 Mass. 221, 231 (1993).  See Commonwealth v. Upton, 394 Mass. 363, 373 (1985) ("art. 14 provides more substantive protection to criminal defendants than does the Fourth Amendment").  A search conducted outside these parameters established by the judicial officer is not authorized by the anticipatory warrant.  Accordingly, any evidence obtained pursuant to an invalid anticipatory warrant is subject to suppression unless the Commonwealth establishes a valid exception to the warrant requirement.
            For the above-stated reasons, the order allowing the defendant's motion to suppress is affirmed, and the defendant's cross-appeal is dismissed.  
So ordered.  
 
 
 
            1 The single justice also allowed the defendant's application for leave to file an interlocutory appeal from two findings made by the motion judge and consolidated both appeals.  Because we affirm the motion judge's allowance of the motion to suppress, we do not reach the defendant's interlocutory appeal.